J. S08017/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JAMES CHARLES COLE, | : | No. 615 WDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, March 24, 2014,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0015767-2012

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND SOLANO, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:               **FILED MAY 26, 2017**

James Charles Cole appeals ***nunc pro tunc*** from the March 24, 2014 aggregate judgment of sentence of 2 to 6 years' imprisonment, to be followed by 11 years' probation, imposed following the revocation of his probation.  After careful review, we affirm the judgment of sentence.

The trial court summarized the early procedural history of this case as follows:

> On March 18, 2013, [appellant] pled guilty to two counts of Indecent Assault Person Less than 13 Years of Age, one count of Corruption of Minors, one count of Unlawful Contact with a Minor, and one count of Sale of Tobacco.  [On October 3, 2013, the trial c]ourt sentenced [appellant] to six to twelve months [of] incarceration, paroled forthwith and placed him on five years [of] probation with one year of that probation to be served on intermediate punishment.  On March 24, 2014, after a hearing, th[e trial c]ourt revoked [a]ppellant's probation

based on technical violations and lack of housing to serve his intermediate punishment sentence, and resentenced him to 24 to 72 months [of] incarceration and 11 years of probation consecutive [to the term of incarceration]. On November 14, 2014, th[e trial c]ourt filed its Opinion in support of the March 24, 2014 Order. [(***See*** trial court opinion, 11/14/14.)] The Superior Court of Pennsylvania, in a Non-precedential decision issued on April 10, 2015, found that [a]ppellant's issue was waived on appeal because his counsel had failed to comply with Pa.R.A.P. 2119(f). [***See Commonwealth v. Cole***, 121 A.3d 1127 (Pa.Super. 2015) (unpublished memorandum at *2).]

Trial court opinion, 8/22/16 at 2-3 (footnotes omitted; citations added).

On May 12, 2015, appellant filed a timely ***pro se*** PCRA[1] petition and Robert J. Perkins, Esq. ("Attorney Perkins"), was appointed to represent him. Attorney Perkins filed an amended PCRA petition on appellant's behalf on February 2, 2016, requesting that both appellant's post-sentence motion and direct-appeal rights be reinstated. (***See*** amended PCRA petition, 2/2/16 at 17, ¶ 125.) In his amended PCRA petition, appellant argued, ***inter alia***, that (i) his hearing counsel, Kelli Kleeb, Esq. ("Attorney Kleeb") was ineffective in failing to file a post-sentence motion preserving his discretionary aspects of sentencing claim; and (ii) his appellate counsel, Daniel Eichinger, Esq. ("Attorney Eichinger"), was ineffective in failing to include a Rule 2119(f) statement in his appellate brief. (***Id.*** at 10-11, 15-17.)

---

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

On March 2, 2016, the Commonwealth filed its motion to dismiss appellant's amended PCRA petition. On March 7, 2016, the PCRA court provided appellant with notice, pursuant to Pa.R.Crim.P. 907(1), of its intention to dismiss his petition without a hearing. On March 24, 2016, Attorney Perkins filed a response to the PCRA court's Rule 907 notice, which only sought the reinstatement of appellant's direct-appeal rights or, alternatively, a hearing. (**See** response to Rule 907 notice, 3/24/16 at 5.) Thereafter, on March 31, 2016, the PCRA court granted appellant's request and reinstated his direct-appeal rights **nunc pro tunc**. This timely appeal followed on April 28, 2016.[2]

Appellant raises the following issue for our review:

> After finding that [appellant] committed technical violations of his probation, did the trial court err and abuse its discretion when it imposed a sentence of two to six years of incarceration and total confinement based on reasons inconsistent with the provisions of 42 Pa.C.S.[A.] § 9771(c)?

Appellant's brief at 6. Appellant maintains that the problem with his sentence is "its severity . . . is disproportionate to its triggering factor -- [appellant's] inability to find suitable housing (as opposed to, for example a conviction for a new crime, or a violation of a no-contact Order with the

---

[2] Appellant complied with the PCRA court's directive and filed a timely concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), on May 20, 2016. The PCRA court, in turn, filed its Rule 1925(a) opinion on August 22, 2016.

victim of a violent crime)." (*Id.* at 20-21.) This implicates the discretionary aspects of appellant's sentence.

Where an appellant challenges the discretionary aspects of his sentence, as is the case here, the right to appellate review is not absolute. *See Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super. 2011). Rather, an appellant challenging the discretionary aspects of his sentence must invoke this court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Instantly, the record reveals that appellant filed his *nunc pro tunc* notice of appeal in a timely manner. However, at the March 24, 2014 hearing, appellant failed to object to the sentence imposed or file a post-sentence motion preserving his discretionary aspects of sentencing claim. Accordingly, we are constrained to deem appellant's claim waived. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa.Super. 2013) (stating, "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court

during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." (citation omitted)); ***see also Commonwealth v. Kalichak***, 943 A.2d 285, 289 (Pa.Super. 2008) (stating, "when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion." (citation omitted)).

In reaching this decision, we recognize that in ***Commonwealth v. Liston***, 977 A.2d 1089 (Pa. 2009), our supreme court expressly noted that a PCRA court may reinstate a defendant's post-sentence rights ***nunc pro tunc*** "[i]f a defendant successfully pleads and proves that he was deprived of the right to file and litigate said motions as a result of the ineffective assistance of counsel[,]" as appellant claimed herein. ***Id.*** at 1095 n.9; ***see also*** amended PCRA petition, 2/2/16 at 10, 17, ¶¶ 80, 117. The PCRA court in the instant matter, however, failed to do so and merely reinstated appellant's direct appeal rights ***nunc pro tunc***. Accordingly, we decline to

conduct a merits-based review of appellant's waived discretionary aspects of sentencing claim.[3]

Based on the foregoing, we affirm appellant's March 24, 2014 judgment of sentence.

Judgment of sentence affirmed.

Solano, J. joins this Memorandum.

Gantman, P.J. files a Concurring Statement.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  5/26/2017

---

[3] While we might agree with President Judge Gantman's concerns regarding the waiver trap presented by the PCRA court's failure to allow for post-trial motions ***nunc pro tunc***, we cannot agree that appellant has specifically presented this issue in either his Rule 1925(b) statement or in his brief. This author writing for the court ***en banc*** attempted to require the filing of post-trial motions ***nunc pro tunc*** whenever a ***nunc pro tunc*** appeal was granted to protect full appellate rights. ***See Commonwealth v. Liston***, 941 A.2d 1279 (Pa.Super. 2008), ***affirmed in part and vacated in part***, 977 A.2d 1089 (Pa. 2009). However, our supreme court in ***Liston***, ***supra***, overruled this court on that specific issue. ***Liston***, 977 A.2d at 1093-1094. Even if, as presented by the dissent, appellant had plead and proved ineffective assistance of counsel on this issue below, appellant is required to at least raise the PCRA court's error before this court either on motion or on

J. S08017/17

_____

appeal, which would allow us to remand for the filing of post-trial motions ***nunc pro tunc***.